UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION,

                                            Plaintiffs,

-against-

ANTHONY RIVARA and 1018 WSR CORP.,

                                            Defendants.

No. 16 CV

**COMPLAINT**

---

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

### NATURE OF THE ACTION

1. This is a civil action under Sections 404 and 409 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1104 and 1109, to recover for Anthony Rivara's breach of his fiduciary due to the Plaintiffs. Additionally, this is an action to recover fraudulently conveyed assets in violation of New York's Debtor & Creditor Law ("DCL") §§ 270 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4. Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, and Annuity, Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The ERISA Funds are organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3). The Trustees are fiduciaries of the ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together, with the Charity Fund and the ERISA Funds, as the "Funds") is a New York not-for-profit corporation organized and operated in accordance with Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

7. Defendant 1018 WSR Corp. is a former New York State-based corporation that was dissolved by the New York State Department of State on October 26, 2011. Upon information

and belief, 1018 WSR Corp.'s principal place of business was and is located at 3333 New Hyde Park Road, New Hyde Park, New York 11042-1205.

8.  Defendant Anthony Rivara is and was the effective principal and owner of Anthony Rivara Contracting, LLC ("ARC") and 1018 WSR Corp.

## FACTS

### The Funds Obtain A Judgment Against ARC

9.  At relevant times, ARC was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the New York City District Council Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

10. The CBA required ARC to remit contributions to the Funds when it performed work within the scope and jurisdiction of the Union and to submit to an audit of its books and records when requested by the Funds.

11. The CBA also authorized the Funds to submit any dispute over unpaid contributions to arbitration.

12. Pursuant to the CBA, the Funds conducted an audit of ARC covering the period June 29, 2011 through September 23, 2013 that revealed delinquencies owed by ARC.

13. The Funds submitted the dispute to arbitration and, on January 31, 2014, the arbitrator issued an award finding that ARC failed to pay the Funds the sum of $461,991.73.

14. Accordingly, on March 14, 2014, the Funds commenced an action to confirm the arbitration award styled *Trustees of the New York City District Council of Carpenters Pension Fund et al. v. Anthony Rivara Contracting, LLC*, Case No. 14-cv-1794 (PAE) (S.D.N.Y.).

15. On September 4, 2014, the court issued a judgment in favor of the Funds and against ARC in the amount of: (1) $451,991.73 pursuant to the arbitration award; (2) interest on the $362,385.13 in unpaid contributions to be calculated at the rate of 5.25% compounded daily from the date of the arbitration award until the judgment is paid in full; and (3) $1,335 for the Funds' attorneys' fees and costs incurred in the action (the "Judgment").

**ARC Fraudulently Conveys Assets To Anthony Rivara And 1018 WSR Corp.**

16. Upon information and belief, during the arbitration proceeding, the prior federal action, and after the Judgment was entered, ARC engaged in a scheme to fraudulently convey its money to its owner, Anthony Rivara, and to the dissolved corporation 1018 WSR Corp., which was solely owned by Anthony Rivara.

17. Upon information and belief, from early February 2014 to the present, ARC fraudulently conveyed approximately $640,000 to a bank account solely owned by its principal and owner, Anthony Rivara.

18. Upon information and belief, from early February 2014 to the present, ARC also fraudulently conveyed approximately $100,000 to a bank account co-owned by Anthony Rivara and 1018 WSR Corp., a dissolved corporation owned and operated by Anthony Rivara.

19. Upon information and belief, ARC made the above-referenced transfers without consideration and with the intent to hinder, delay, and defraud the Funds and their attempts to collect on the Judgment.

**Anthony Rivara Breaches His Fiduciary Duty To The Funds**

20. The CBA bound ARC to the terms of the Funds' Trust Agreement and Collection Policy, which provide that the Funds' assets include not only money that employers have actually

-4-

contributed to the Funds, but also delinquent amounts that employers were required to contribute to the Funds pursuant to the CBA.

21. Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i), provides that a person is a fiduciary of an employee benefit plan to the extent he or she exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets.

22. Anthony Rivara exercised operational control over some or all of ARC's assets, including its bank accounts.

23. Anthony Rivara was responsible for deciding whether to use assets in ARC's possession to pay contributions to the Funds and he exercised discretionary control and discretionary authority over the disposition of the Funds' assets by, among other things, causing ARC to fail to make contributions to the Funds in accordance with the CBA.

24. While ARC owed contributions to the Funds, Anthony Rivara caused ARC to use, divert, or expend its assets for purposes other than making contributions to the Funds, including by fraudulently conveying money to himself and 1018 WSR Corp in lieu of having ARC pay the contributions rightfully due to the Funds.

25. Anthony Rivara is a fiduciary of the Funds within the meaning of Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

26. Anthony Rivara is a party in interest with respect to the Funds within the meaning of Sections 3(14)(A), (C), (E), and/or (H) of ERISA, 29 U.S.C. §§ 1002(14)(A), (C), (E), and/or (H).

27. By the foregoing acts and omissions, Anthony Rivara failed to discharge his duties with respect to the Funds solely in the interest of the participants and beneficiaries of the Funds

and for the exclusive purposes of providing benefits to the Funds' participants and their beneficiaries, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

28. By the foregoing acts and omissions, Anthony Rivara failed to discharge his duties with respect to the Funds with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

29. By the foregoing acts and omissions, Anthony Rivara caused assets of the Funds to be used by or for the benefit of a party in interest, in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D).

30. By the foregoing acts and omissions, Anthony Rivara caused the Funds to suffer substantial monetary losses.

31. Under Section 409(a) of ERISA, 29 U.S.C. § 1109(a), Anthony Rivara is personally liable to the Funds for all such losses, plus all profits Anthony Rivara has made and/or all earnings the Funds have lost as a result of such acts and omissions.

**THE FUNDS' FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Fraudulent Conveyances Under DCL §§ 273-a, 276, and 276-a)**

32. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. Under DCL § 273-a, "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an actions has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the action intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment."

-6-

34. Under DCL § 276, "[e]very conveyance made . . . with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

35. Where a debtor's conveyance is set aside due to a finding that it was made with the actual intent to hinder, delay, or defraud a present or future creditor, DCL § 276-a authorizes the recovery of the creditors' attorneys' fees incurred in bringing the action.

36. During the arbitration proceeding and up through, at the least July 2015, ARC fraudulently conveyed approximately $740,000 to bank accounts either owned by Anthony Rivara or co-owned by Anthony Rivara and 1018 WSR Corp.

37. ARC made these transfers without consideration and with the intent to hinder, delay, and defraud the Funds and their attempts to collect on the Judgment.

38. ARC failed to satisfy the Judgment.

39. Pursuant to DCL §§ 273-a, 276, and 276-a, the Funds are entitled to, among other things, any money found to be fraudulently conveyed from ARC to the Defendants and for any reasonable attorneys' fees incurred by the Funds during this action.

### THE FUNDS' SECOND CLAIM FOR RELIEF AGAINST ANTHONY RIVARA
**(Breach of Fiduciary Duty)**

40. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. Pursuant to the documents and instruments governing the Funds, the Funds' assets include delinquent amounts that ARC has not contributed but was required to contribute to the Funds pursuant to the CBA.

42. Anthony Rivara is a fiduciary of the Funds within the meaning of Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

43. Anthony Rivara is a party in interest with respect to the Funds, within the meaning of Sections 3(14)(A), (C), (E), and/or (H) of ERISA, 29 U.S.C. §§ 1002(14)(A), (C), (E), and/or (H).

44. Anthony Rivara is and was responsible for ARC's failure to remit required contributions to the Funds.

45. Anthony Rivara breached his fiduciary duties under Section 404 of ERISA, 29 U.S.C. § 1104, by, among other things, failing to discharge his duties with respect to the Funds solely in the interest of the participants and beneficiaries of the Funds and/or with the care, skill, prudence, and diligence required under the circumstances.

46. Anthony Rivara breached his fiduciary duties under Section 406, 29 U.S.C. § 1106, of ERISA by, among other things, causing assets of the Funds to be used by or for the benefit of a party in interest.

47. Accordingly, pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109(a), Anthony Rivara is personally liable to the Funds for: (1) all losses incurred by the Funds as a result of Anthony Rivara's breach of fiduciary duties, in an amount to be determined at trial; and (2) all profits Anthony Rivara has made and/or all earnings the Funds have lost as a result of Anthony Rivara's unlawful acts and omissions, in an amount to be determined at trial.

**WHEREFORE,** the Funds respectfully request that this Court:

(1) Issue an order on the Funds' First Claim for Relief: (1) finding that ARC fraudulently conveyed property to Anthony Rivara and 1018 WSR Corp. in violation of the DCL; (2) vacating, modifying, or otherwise setting aside any conveyances found to be fraudulent; (3) requiring Anthony Rivara and 1018 WSR Corp. to turn over to the Funds any fraudulently conveyed money or property in its

       custody or possession; (4) disregarding the fraudulent conveyances and attaching or levying execution upon the money or property; and (5) awarding reasonable attorneys' fees to the Funds.  Additionally, the Funds are entitled to a personal monetary judgment against Anthony Rivara and 1018 WSR Corp. in the amount of any money or assets that were fraudulently conveyed to Anthony Rivara and 1018 WSR Corp. that cannot be set aside or turned over to the Funds;

(2) Issue an order on the Funds' Second Claim for Relief, finding that Anthony Rivara breached his fiduciary duty to the Funds and finding that his is liable to the Funds for: (1) all losses incurred by the Funds as a result of Anthony Rivara's breach of fiduciary duties, in an amount to be determined at trial; and (2) all profits Anthony Rivara has made and/or all earnings the Funds have lost as a result of Anthony Rivara's unlawful acts and omissions, in an amount to be determined at trial; and

(3) Award the Funds such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 29, 2016

                Respectfully submitted,

                **VIRGINIA & AMBINDER, LLP**

      By:     /s/_____
           Todd Dickerson
           40 Broad Street, 7th Floor
           New York, New York 10004
           (212) 943-9080
           *Attorneys for Plaintiffs*